Kingvision v. Vergas                    CV-00-407-JD  03/26/01

UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Kingvision Pay-Per-View, Ltd.

     v.                              Civil No. 00-407-JD
                                     Opinion No. 2001 DNH 060
Theresa Vergas, et al.


                            O R D E R


     The plaintiff filed suit against numerous defendants
allegedly involved in an unauthorized televised showing of a pay-
per-view boxing match.  Four defendants remain in the case:  On
The Rocks, Inc., John Rocca, Donna Nassoura, and William Kelley.
The individual defendants moved for a more definite statement
pursuant to Federal Rule of Civil Procedure 12(e), and the
magistrate judge granted the motion.  The plaintiff submitted a
more definite statement as an addendum to the complaint.  Rocca,
Nassoura, and Kelley move to dismiss the complaint against them
(document no. 16), claiming that the plaintiff failed to comply
with the court's order to the extent that it did not provide
specific factual allegations concerning them.  The plaintiff
objects.

     "While defendants may prefer highly detailed factual
allegations, a generalized statement of facts is adequate so long
as it gives the defendant sufficient notice to file a responsive
pleading."  Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 72-73

(1st Cir. 2000). It is only if the complaint "'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,'" that a more definite statement is needed. Id. at 74 n.6 (quoting Fed. R. Civ. P. 12(e)). Once the court has granted a motion for a more definite statement, the plaintiff's failure to amend the complaint as ordered by the court may result in dismissal. See Fed. R. Civ. P. 12(e).

Kingvision alleges in its complaint that upon information and belief, Rocca, Nassoura, and Kelley are "officers, directors, shareholders and/or principals" of On The Rocks, Inc. Compl. ¶ 11. The complaint is brought against them individually and in their official capacities as officers, directors, shareholders, and/or principals of On The Rocks, Inc. Kingvision alleges that the boxing match was broadcast at the business premises of On The Rocks, Inc., and that On The Rocks, Inc. did not purchase the right to broadcast the match. Kingvision alleges, in the alternative, that the defendants broadcasted the match by one of several methods. It does not allege actions by the individual defendants other than through their affiliation with On The Rocks, Inc.

In their motion, the individually named defendants argue that they are not specifically mentioned in the more definite statement submitted by Kingvision, and that Kingvision has not

provided information to substantiate their involvement with the broadcast. The defendants do not adequately explain why they cannot reasonably respond to Kingvision's allegations that they were involved in facilitating the broadcast. Furthermore, the plaintiff need not provide evidence of each defendant's involvement in its initial pleadings. If the defendants wish to challenge the sufficiency of the complaint in stating a claim against each defendant, they may do so in a motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6); Charles A. Wright & Arthur R. Miller, 5A Federal Practice and Procedure § 1376 (1990) (discussing relationship between Rule 12(e) and Rule 12(b)(6) motions).

With respect to its fraud claim, however, Kingvision has failed to add allegations in its more definite statement that satisfy the heightened pleading requirement of Rule 9(b). See Fed. R. Civ. P. 9(b). Rule 9(b) requires, in most instances, that claims of fraud be pled with particularity as to each defendant. See DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Because Kingvision failed to correct this defect after the defendants addressed it in their

motion for a more definite statement, the court dismisses the fraud claim against the individual defendants without prejudice.

Instead of filing an amended complaint in response to the court's order granting the defendants' motion for a more definite statement, Kingvision filed a more definite statement as an addendum to the complaint. See L.R. 15.1(b). The court orders Kingvision to file an amended complaint within ten days of notice of this order.

<u>Conclusion</u>

The defendants' motion to dismiss (document no. 16) is granted as to Count VI (Fraud), but is otherwise denied. The plaintiff is ordered to file an amended complaint within ten days of notice of this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 26, 2001

cc:  Julie Cohen Lonstein, Esquire
     Gregory W. Swope, Esquire
     Roy W. Tilsley Jr., Esquire

4